UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MONSANTO COMPANY and )
MONSANTO TECHNOLOGY LLC, )
                                                    )
          Plaintiffs, )
                                                    )
     v. )   No.  4:06CV1476 TIA
                                                    )
PILOT GROVE COOPERATIVE )
ELEVATOR, INC., )
                                                    )
          Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Leave to File a First Amended Complaint and Motion to Amend the Case Management Order. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

## Procedural History

On October 6, 2006, Plaintiffs filed a Complaint against Defendant alleging patent infringement, inducement to infringe the patent, conversion, unjust enrichment, and breach of contract. Plaintiffs request an entry of judgment for damages, in addition to interest, costs, and attorney's fees. The Court issued the first Case Management Order on January 8, 2007, with a deadline for amendment of pleadings on April 1, 2007. On February 26, 2007, the Court held a hearing on the parties' motions for protective order, during which time it became obvious that counsel for Defendant was not involved in the communications prior to the filing date. (See Transcript, Doc. #25, pp. 14-16)

On May 23, 2007, after the deadline for amended pleadings expired, Plaintiffs requested substitution of experts and amendment of the case management order to reflect such substitution and

allow the parties additional time to depose said expert. The Court granted such request and issued an Amended Case Management Order on June 4, 2007. On July 6, 2007, Plaintiffs filed a Motion for Leave to File a First Amended Complaint under Rule 15(a) of the Federal Rules of Civil Procedure, alleging that justice and judicial economy required that leave to amend be granted. Plaintiffs also filed a Motion to Amend Case Management Order and for New Trial Setting on July 20, 2007. After the parties fully briefed the issues, the Court held a teleconference on October 30, 2007.

## Discussion

Plaintiffs seek to amend their Complaint by adding treble and punitive damages and by adding Ed Haller as a new defendant. In Plaintiffs' Memorandum in Support of Their Motion for Leave to File a First Amended Complaint, Plaintiffs rely on Rule 15(a) as authority for granting their motion. However, as Defendant correctly points out, the standard set under Rule 16(b) of the Federal Rules of Civil Procedure is controlling, as they filed their request after the deadline set forth in this Court's Case Management Order. Under Rule 16(b), "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." The "good cause" standard requires the moving party to show diligence in attempting to meet the requirements of the case management order. Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001).

Plaintiffs attempt to show good cause by directing this Court to the fact that they simply seek to add claims that were originally drafted into the Complaint but removed at the request of Defendant's prior counsel while in settlement negotiations. However, as acknowledged by Plaintiffs, "upon entry of Defendant's current counsel [on October 18, 2006] all practical agreements to pursue resolution ceased." (Plaintiffs' Reply Brief, p. 3) Plaintiffs further contend that the Defendant should

2

be estopped from arguing that the reassertion of the original claims prejudices the Defendant, as Defendant was aware that Plaintiffs would amend the Complaint if the parties could not achieve a settlement. With regard to adding Mr. Haller as a Defendant, Plaintiffs maintain that they could bring the case separately against Mr. Haller, but they are attempting to avoid duplication of efforts and increased litigation costs.

Defendant, on the other hand, argues that the new claims are based upon facts that Plaintiffs possessed prior to the expiration of the amendment deadline. In addition, Defendant points out the fact that the agreement between Plaintiffs and prior opposing counsel allowed Plaintiffs to amend the Complaint within 90 days of Defendant's answer. Because Defendant filed its answer on November 27, 2006, the informal deadline to add treble and punitive damages expired February 25, 2007. However, the Court extended this deadline by ordering amendment of pleadings no later than April 1, 2007. Defendant asserts that, although Plaintiffs focus on the pre-filing discussions with prior opposing counsel, they have not demonstrated good cause for failing to amend the Complaint by the April 1, 2007 deadline set forth in this Court's Order. Additionally, Defendant asserts that any pre-filing agreement did not pertain to adding new parties, such as Mr. Haller. Defendant maintains that Plaintiffs have failed to demonstrate any diligence in adding Mr. Haller as a Defendant, because the Plaintiffs possessed all the supporting facts against Mr. Haller prior to filing the case.

The undersigned finds that Plaintiffs have failed to adequately demonstrate good cause under Rule 16(b) to warrant granting their motion to amend at this time. First, with regard to Mr. Haller, Plaintiffs have not asserted any facts which would serve as cause for the delay. Plaintiffs knew about Mr. Haller before the inception of this litigation. While they argue judicial economy and a reduction of expenses and duplication, they have not demonstrated diligence in attempting to comply with this

Court's Case Management Order as required by Rule 16(b). Plaintiffs cannot and do not assert that the motion to add Mr. Haller is dependent on newly discovered facts. Fabio v. Credit Bureau of Hutchinson, Inc., 210 F.R.D. 688, 691 (D. Minn. 2002). Thus, the Court will deny their motion with regard to Mr. Haller.

As for amending the Complaint to add treble and punitive damages, the undersigned finds that Plaintiffs' initial showing does not demonstrate diligence in compliance with Rule 16(b). Instead, it appears that Plaintiffs were merely careless in overlooking the deadlines. While this is insufficient under Rule 16 standards, the undersigned is mindful of the fact that the Parties attempted to settle the case prior to filing. This, however, does not explain the 3 month delay in filing the motion to amend. See Fabio v. Credit Bureau of Hutchinson, Inc., 210 F.R.D. 688, 691 (D. Minn. 2002) ("good cause" standard is exact and requires a demonstration that despite the diligence of the party seeking leave to extend the deadline, that party cannot reasonably meet the existing schedule) (citations omitted). Plaintiffs' briefs fail to address the "diligence" aspect of Rule 16. Therefore, the Court will direct them to either file a renewed motion demonstrating "good cause" as defined in this Memorandum and Order, or a motion to withdraw said motion to amend. The Court will reserve ruling on the Motion to Amend the Case Management Order until Plaintiffs file their response.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File a First Amended Complaint [Doc. #33] is **DENIED** with respect to the addition of Mr. Haller.

**IT IS FURTHER ORDERED** that Plaintiffs shall file a renewed motion to amend demonstrating "good cause" or a motion to withdraw said motion within fourteen (14) days from the

4

date of this Memorandum and Order.

        /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this  19th  day of November , 2007.